JAMES *v.* THE STATE.

7b(b)325
156  169

An action of debt was brought against *Owen Adanson* and *Joseph James*, on a recognizance alleged to have been entered into by them before a judge for the appearance of said *Adanson*, at the next term of the Court, to an-

swer a charge of forgery. Averment, that the defendants made default. Plea, *nul tiel record.* An entry on the order book of the Court was offered in evidence to prove the defendants' default, the person accused being in such entry named *Owen Adamson.* *Held,* that the variance between the names *Owen Adanson* and *Owen Adamson* was immaterial, the principle of *idem sonans* being applicable to the case.

The record of a judgment, proved in this cause under a plea of former recovery, was objected to on account of the same variance mentioned above. *Held,* that the objection was not sustainable.

*Held,* also, that if in such case as the above, the causes of action were not the same, that fact should be replied to the plea of former recovery.

*Quære,* whether such a recognizance as that sued on in this case need be recorded?

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the state against *Owen Adanson* and *Joseph James* in 1843. The declaration contains two counts. The first count, after stating some superfluous matter respecting a petition and writ of *habeas corpus,* is as follows: That on the 6th of *February,* 1841, the defendants entered into a recognizance before a judge of the Circuit Court; that the recognizance was conditioned, that said *Adanson* should appear on the first day of the then next term of said Court to answer a charge of forgery; that the recognizance was duly filed in the clerk's office of said Court, and was also, on the first day of the term next after it was taken, recorded in said Court; that, in the body of the recognizance, the said *Owen Adanson* was described by the name of *Owen Adamson;* that, on the first day of said term of the Court, the defendant *Adanson* was called and made default; and that the other defendant, *James,* was called to bring in the body of said *Adanson,* and he also made default; whereby an action accrued, &c. The second count is similar to the first.

The plaintiff suggested on the record, that the process as to *Adanson* was returned "not found."

The defendant, *James,* pleaded that there were no such judgment and proceedings as are described in the declaration. He also pleaded three pleas of former recovery, but it is only necessary to notice the third one, which is as follows: That on the 10th of *April,* 1842, at said county, the plaintiff sued out of the Circuit Court a writ of *scire facias* against this defendant and said *Owen Adanson* (by the name of *Owen Ad-*

*amson*) upon the same recognizance, and for the same breach, set out in the declaration; that said *Owen Adanson* described by the name of *Owen Adamson* was not found; that such proceedings were had in said suit that afterwards, to wit, on, &c., the issues joined between the plaintiff and this defendant were found for the latter, and he was accordingly discharged.

Nov. Term, 1844.

JAMES
v.
THE STATE.

Replication to said third plea of former recovery, that there is not any record of the supposed recovery in the plea mentioned. Rejoinder that there is such record.

The cause was submitted to the Court.

The plaintiff, under the issue on the plea to the action of *nul tiel record*, proved the recognizance sued on, which is signed by the defendants *Owen Adanson* and *Joseph James*, to have been entered into before the judge as alleged in the declaration; that the recognizance was returned to the Circuit Court, and filed on the same day on which it was taken; that the principal, by the name of *Owen Adamson*, and the surety *Joseph James*, were called on the first day of the term of the Court next after the recognizance was taken; and that they both made default. The principal is named *Owen Adamson* in the entry on the order book by which the default was proved, and the entry of the default was objected to as evidence on account of a variance in the name, he being sued by the name of *Owen Adanson;* but the objection was overruled. We think there was no ground for the objection. The names in question are so much alike that the principle of *idem sonans* applies to them. It has been held that *Beniditto* and *Benedetto* may be considered the same name. *Ahitbol* v. *Beniditto*, 2 Taunt. 401. So, also, with respect to *Beckwith* and *Beckworth*. *Stewart* v. *The State*, 4 Blackf. 171. There is, at least, as much difference in the names in those cases as in the names of *Adanson* and *Adamson*.

The plaintiff, supposing it necessary to prove that the recognizance sued on had been copied into the record book of the Court, offered in evidence an entry made in *May*, 1841, in such book, of the recognizance in question. The evidence was objected to, because the principal's signature to the copy of the recognizance is *Owen Adamson* instead of *Owen Adanson*. This objection was correctly overruled, the variance being immaterial. The question discussed by the counsel,

JAMES
v.
THE STATE.

whether such entry of the recognizance was necessary, need not now be examined.

The defendant, to establish the plea of former recovery, gave in evidence the record of a previous suit by *scire facias*, instituted in 1842 against *Owen Adamson* and *Joseph James*, founded on a recognizance agreeing with that described in the declaration in the present action of debt, except as to the name of one of the persons sued, who is stated in the *scire facias* to be *Owen Adamson*. The process in the suit by *scire facias* was returned " not found" as to *Owen Adamson*. The other defendant pleaded to the *scire facias, nul tiel record;* and the plaintiff replied there was such record. This issue was found for the defendant, and he was accordingly discharged.

The Circuit Court, on the foregoing evidence, gave judgment in this action of debt for the state.

We think the judgment is erroneous, on the ground that the record of the suit by *scire facias*, as proved, was a bar to the present action. The two actions are, apparently, between the same parties and on the same recognizance. The plaintiff, to show a variance, relies on the circumstance, that the *scire facias* is on a recognizance alleged to have been entered into by *Owen Adamson* and *Joseph James*, and the action of debt on a recognizance averred to have been entered into by *Owen Adanson* and *Joseph James*. The variance here relied on is that between the names of *Adamson* and *Adanson*, which, as before noticed, is immaterial.

If the causes of action were not the same, the plaintiff should have replied that fact to the plea of former recovery, instead of replying *nul tiel record*.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Kinney* and *S. B. Gookins*, for the plaintiff.

*J. P. Usher*, for the state.

JENKINS *v.* PREWITT.

A bill of review, on account of newly discovered evidence, cannot be sustained, if, by the use of reasonably active diligence, the evidence might have been known to the complainant before the trial of the first cause.

SULLIVAN, J.—This is the same cause that was before this *Wednesday,* Court at the *November* term, 1838, at which time a demurrer $\frac{January\ 1,}{1845.}$ was sustained to the bill, and the complainant had "leave to amend. An amendment was immediately filed, in which the complainant alleges that the matter, on which he founds his application for a review of the original decree, came to his knowledge in the summer of 1828. The remaining allegations are as stated in the published opinion of this Court in 5 Blackf. 7.

The defendant, *Robert H. Prewitt,* (*Byrd Prewitt* having deceased since the original decree was entered,) answers the amended bill, and denies that the complainant did not obtain a knowledge of the facts stated in the amendment until the summer of 1828. He also filed two pleas; the first of which sets up the same defence as that contained in the answer; the second is, that, by the exercise of ordinary diligence, the plaintiff might have known the facts now relied on, at the trial of the original cause. The complainant replied reaffirming the statements in his bill. A number of depositions were taken, by a large majority of which it is proved, that, at and before the time of the trial on the original bill, the fact was notorious that the title to the land in controversy was not in *Ezekiel Jenkins,* but in his wife.

Whether the complainant should produce other testimony than his own affidavit, in support of the allegation that the fact, on which he relies for a rehearing, came first to his knowledge within five years before filing the bill, need not now be decided. It is very clear from the evidence, that the fact was notorious in the neighbourhood at the time of the original trial, and that the complainant, by the exercise of reasonable diligence, might have known it. The testimony is too strong to admit of doubt on that point.

To sustain a bill of review on account of newly discovered evidence, it is necessary that the matter be not only new,

*C. P. Hester* and *A. Kinney*, for the complainant.

*H. P. Thornton*, for the defendant.