Nov. Term, 1853.<br><br>Hull<br>v.<br>Kirkpatrick.

---

## HULL v. KIRKPATRICK.

A count in case charged that *A.* in an exchange of horses with *B.* falsely represented his, *A.'s*, horse to be sound, when in truth he was not sound, but, at the time of the exchange, was and still is unsound, having a dis-

Nov. Term,
1853.

HULL
v.
KIRKPATRICK.

ease called glanders, which *A.* then knew, and that *A.*, though requested, had refused to deliver to *B.* the horse received of him. Plea, that *B.* never delivered or tendered to *A.* the horse received of him in exchange, although *A.*, on, &c., at, &c., tendered back the horse which he got of *B.*; but he then and there refused to receive the horse, &c. *Held*, that the plea was properly rejected on motion.

*A.* in an exchange of horses with *B.* was asked by *B.* what was the matter of his, *A.'s*, horse, the horse appearing to be diseased. *A.* replied that the horse "had the distemper a little." *Held*, that the statement was in effect a representation that the horse was not otherwise diseased.

The refusal of the Circuit Court to grant a motion for a new trial on account of newly discovered evidence, will not be disturbed where such evidence does not seem obviously sufficient to change the result upon a new trial.

In an action of tort, where the damages laid are over 50 dollars, but the recovery is for a less sum, the plaintiff is, under the R. S. 1843, entitled to costs.

Saturday,
December 31.

ERROR to the *Blackford* Circuit Court.

DAVISON, J.—This was an action of trespass on the case by *Kirkpatrick* against *Hull*. The declaration contains three counts. The first charges that *Hull*, in a certain exchange of horses with *Kirkpatrick*, falsely represented his, *Hull's*, horse to be sound, when in truth, &c., he was not sound, but at the time of said exchange was, and still is, unsound, having a disease called glanders. The second count is similar to the first, with this exception: it alleges that *Hull*, when the exchange took place, knew his horse to be unsound. The third is, in substance, the same as the second, excepting an averment that *Hull*, though requested, had refused to redeliver to *Kirkpatrick* the horse received of him.

The general issue was pleaded to the declaration. To the third count there was a second plea, that *Kirkpatrick* never delivered or tendered to *Hull* the horse received of him the in exchange, although *Hull*, on the 13th of *April*, 1849, at, &c., tendered back the same horse which he got of *Kirkpatrick*, but he then and there refused to receive said horse, &c.

The second plea was, on motion, rejected. This ruling of the Court was correct. The defence set up by the plea constitutes no answer to the third count, nor was it

adapted to the nature of the action.   Therefore it was a
nullity.

The cause was submitted to the Court by consent.   The
Court found for the plaintiff below, and assessed his dam-
ages at 30 dollars.   Motion for a new trial overruled, and
judgment on the finding of the Court.

The refusal to grant a new trial is alleged to be erro-
neous—1. Because the averments in the declaration were
not sustained by the proofs.   2. Because the facts proved
do not present any cause of action.   3. That the defend-
ant was entitled to a new trial on account of newly dis-
covered evidence.

The evidence shows that a short time before the ex-
change of horses, *Hull*, the defendant below, was told by
two persons that his horse had the glanders.   When the
exchange took place, the plaintiff asked the defendant
" what was the matter with the horse?"   In answer the
defendant stated, " the horse had the distemper a little."
The plaintiff replied, he cared nothing for that.   Three
witnesses, two of whom professed to have skill in the
diseases of horses, testified that the defendant's horse at
the time of the trade was, and still is, diseased with the
glanders.   Two other witnesses, one of whom professed
a like skill, deposed that he was not afflicted with that
disease—that it was contagious, and the defendant's horse
had been used and fed with other horses, without any of
them contracting it; that persons unskilled in the diseases
of horses could not distinguish the distemper from the
glanders.   It was shown that the horse traded to the de-
fendant was worth between 20 and 30 dollars; that the
one in question, if sound, would be worth 50 dollars; and
that in his present condition he was of no value.

It is insisted that the defendant's statement, namely,
" that the horse had the distemper a little," did not amount
to a representation that he was sound.   This view is not
strictly correct.   The statement does not appear to have
been given as a mere opinion or belief; and whether it
was understood by the parties as a representation of
soundness, was for the Court trying the cause to deter-

mine from all the facts and circumstances connected with the transaction., We think it was evidently intended by the defendant, and understood by the plaintiff, as a representation that the horse was sound. The appearance of the horse no doubt indicated that he might have the distemper. This the parties do not appear to have considered important; but the statement itself, in effect, represented that the horse was not otherwise diseased. In our opinion, the averment that the defendant represented his horse to be sound, was substantially proved. Whether the horse really had the glanders, or if he had, whether the disease was known to the defendant at the time of the exchange, are points upon which the evidence is conflicting; but, it seems to us, the preponderance is against the defendant.

In support of the motion for a new trial, the defendant filed two affidavits—his own and the affidavit of one *Smith Wrixson*. The affidavit of *Wrixson*, in effect, states, that he considered himself a judge of the diseases of horses; that he had just examined the horse in controversy, and, in his, *Wrixson's* opinion, the horse was not diseased with the glanders; that he had known the horse about six years ago, and at that time the horse was afflicted in the same manner that he is now.

The Circuit Court, in deciding the motion for a new trial, doubtless considered the newly discovered evidence in connection with that given on the trial. By overruling the motion, the Court, in. effect, decided that *Wrixson's* testimony, if produced, would not change the preponderance. With that decision we are not disposed to interfere. To justify us in disturbing the opinion of the Circuit Court, the sufficiency of the newly discovered evidence to change the result upon a new trial, should appear obvious. Such conclusion is not. shown by the record. The motion, therefore, was properly overruled.

The judgment in this case being for 30 dollars only, it is contended that the defendant should have recovered costs. This is a mistake. The present action is founded in tort, the damages are laid at an amount over 50 dol-

Nov. Term, 1853.

lars, and the Circuit Court had exclusive jurisdiction of the cause. R. S. 1843, c. 47, s. 2. The damages assessed did not authorize a judgment against the plaintiffs for costs. In debt, assumpsit, and covenant, "wherein the sum *due* or *demanded* exceeds 50 dollars," the rule is different. 8 Blackf. 196.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*W. March*, for the plaintiff.

*J. H. Holliday*, for the defendant.