### CRAWFORD and Others *v.* MARTIN.

On an appeal, from a judgment of an inferior Court, for a refusal to grant a new trial on the ground of newly-discovered evidence, the record should contain the evidence given on the trial below, in order that this Court may be able to determine, whether the newly-discovered evidence, if admitted on another trial, would produce a different result; otherwise, this Court will not reverse the judgment below.

APPEAL from the *Rush* Common Pleas.

*Per Curiam.*—*Martin*, who was the plaintiff, sued *John Foster*, *William Crawford*, *Margaret Frazier*, and *Joseph Hamilton*, in replevin, to recover a brick-kiln. *Foster* was defaulted. The other defendants appeared and answered: 1. By a denial. 2. Property in themselves, etc. The issues were tried by the Court, who found for the plaintiff, and judgment was, accordingly, rendered, etc. The record shows that, at that, the October, term of said Court, in the year 1858, being the term next after the trial and judgment, *Crawford* and *Frazier*, two of the defendants, moved for a new trial, on two grounds: 1. That the decision is unsustained by the evidence. 2. That they, the defendants, "have newly-discovered evidence, material for them, which they, could not, with reasonable diligence, have discovered and produced at the trial." The latter-assigned cause is sustained by an affidavit, which points out, specifically, the newly-discovered evidence; but the evidence given on the trial is not in the record before us, and we are, therefore, unable to say, whether the new evidence, if allowed on another trial, would produce a different result. *Simpson* v. *Wilson*, 6 Ind. 474. *Hull* v. *Kirkpatrick*, 4 Ind. 637. The second alleged ground is not, therefore, sufficient cause for a new trial. And the first ground, viz.: "That the decision is unsustained by the evidence," is equally unavailing,

because the evidence, as we have seen, is not before us; and, moreover, that cause can not be assigned after the term at which the trial was had.

The judgment is affirmed, with five per cent. damages, and costs.

*R. L. Walpole* and *S. W. Robinson,* for the appellants.

*L. Sexton,* for the appellee.