Cleaveland *v.* The State.

*Per Curiam.*—The judgment is affirmed.

*McDonald & Roache,* and *A. J. Thornton,* for the appellant.
*Oscar B. Hord,* Attorney General, for the State.

---

## CLEAVELAND *v.* THE STATE.

CRIMINAL LAW AND PRACTICE.—The names "*Geessler*" and "*Geissler*" are *idem sonans,* and the averment in an information that an act was done by the former and proof that it was done by the latter involve no fatal variance.

PRACTICE.—On an appeal, from a judgment of an inferior Court, for a refusal to grant a new trial on the ground of newly discovered evidence, or because the verdict was not sustained by the evidence, the record should contain the evidence given on the trial below, in order that this Court may be able to determine whether the newly discovered evidence, if admitted on another trial, would produce a different result, or whether the verdict was right, otherwise, this Court will not reverse the judgment below.

Cleaveland *v.* The State.

APPEAL from the *Wayne* Common Pleas.

DAVISON, J.—The information, in this case, alleges that *John E. Cleaveland* on, &c., at, &c., did then and there unlawfully and without license, &c., barter and sell intoxicating liquor by a less quantity than a quart at a time, to-wit: one-half pint of whisky, for ten cents, to one *George Geessler*, contrary, &c. Plea, not guilty. Verdict against the defendant. Motion for a new trial denied, and judgment, &c.

The causes for a new trial are thus assigned:

1. The verdict is not sustained by the evidence.

2. The Court erred in its refusal to give an instruction moved by the defendant, and also in giving an instruction to which he excepted.

3. Newly discovered evidence.

The evidence given in the cause, not being in the record, the first and third assigned causes are not available. *Crawford* v. *Martin*, 19 Ind. 370, and cases there cited. At the proper time the defendant moved to thus instruct the jury: "If the information charges that the defendant sold the whisky to one *George Geessler*, and the proof is that it was sold to *George Geissler*, whose last name is spelled "*Geissler*," and pronounced "*Giseler*," then the proof does not support the charge, and unless the prosecution has proven that the vendee is known as well by one name as the other the defendant must be acquitted." This instruction the Court refused, and thereupon instructed as follows: " *Geissler* and *Geessler* are near enough alike to make no difference in this case. The question is, did the defendant sell the liquor to the prosecuting witness?" These rulings seem to be correct. It has been decided that "*Beckwith* is not variant from *Beckworth.*" *Stewart* v. *The State*, 4 Blackf. 171; that between "the surnames *Conn* and *Corn* there is no variance." *Moore* v. *Anderson*, 8 Ind. 19. And that "*Adanson* is not variant from *Adamson.*" *James* v. *The State*, 7 Blackf. 325. These decis-

ions being correct, and we think they are, it seems to follow that the variance between *Geessler* and *Geissler* is not material.

*Per Curiam.*—The judgment is affirmed, with costs.

*M. Wilson* and *N. H. Johnson*, for the appellant.

*Oscar B. Hord*, Attorney General, and *John C. Whitridge*, for the State.