## RAINEY v. THE STATE.

NEW TRIAL. — *Newly-Discovered Evidence.* — A new trial should not be granted in a criminal action on the ground of the discovery of new and material evidence by the defendant after the trial, where the evidence discovered is not so material that it would, with any certainty, produce or justify any different result from that reached on the former trial.

From the Marion Criminal Circuit Court.

*R. P. Parker, J. B. Elam, B. K. Elliott* and *A. C. Ayres,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. E. Heller,* Prosecuting Attorney, for the State.

DOWNEY, J.—This is an indictment against the appellant for rape committed on the body of Jennie Whelan, on the 10th day of March, 1876, at the county of Marion.

Upon plea of not guilty, the defendant was tried by a jury and found guilty. He moved for a new trial, which was refused, and sentence was pronounced against him.

He has assigned as errors the overruling his motion to quash the indictment, and the refusal to grant him a new trial; but he argues and relies upon the latter only.

It is first urged that there is no positive evidence of the *corpus delicti,* and that this cannot be established by circumstantial evidence.

Counsel refer to and rely mostly on *Ruloff* v. *The People,* 18 N. Y. 179, in support of this position. This case was cited in *McCulloch* v. *The State,* 48 Ind. 109, and was not

admitted as authority to the extent claimed for it in that case.   Conceding, however, that it is authority in a case presenting the same facts, we think this is not such a case There is some positive evidence in this case of the fact that a rape was committed by some person upon the prosecutrix. We do not care to give the evidence in detail.   We have read it in consultation, and are of the opinion that, upon this point, as well as upon the whole case, it is such that we cannot disturb the judgment.

A ground of the motion for a new trial was the discovery of new and material evidence by the defendant after the trial. We have, with some hesitation, come to the conclusion that this evidence is not so material that it would, with any certainty, produce or justify any different result from that reached by the jury on the former trial.   In such case a new trial should not be·granted.   *Bronson* v. *Hickman,* 10 Ind. 3; *Hull* v. *Kirkpatrick,* 4 Ind. 637.   It is possible that in this case, as in many or most others, the defendant may be innocent; but the evidence is such as to render the conviction reasonably satisfactory.

The judgment is affirmed, with costs.