WILLIAM OGDEN, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: EXAMINATION OF JURORS: OPINION. Where a juror in his examination on his *voir dire* stated that he had formed an opinion as to the guilt of the accused but did not think he had stated his opinion, and no objection was made to him by challenge or otherwise, it is too late after verdict to object to the juror, notwithstanding there was testimony tending to show that he had expressed an opinion before the trial.

2. **New Trial.** As a general rule a new trial will not be granted for newly discovered evidence which merely tends to discredit some of the witnesses on the opposite side.

3. **Evidence** examined and *held* to be sufficient to sustain the verdict.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

*J. H. Grimm* and *Hastings & McGintie,* for plaintiff in error.

*C. J. Dilworth, Attorney General,* for defendant in error.

MAXWELL, J.

The plaintiff in error was convicted of robbery at the April term of the district court for Saline county, and was

sentenced to imprisonment in the penitentiary for five years. He now prosecutes a writ of error to this court. Three assignments of error are relied upon:

*First.* It is objected that two of the jurors before the trial had expressed an opinion that the accused was guilty. It appears from the record that one of the jurors named Fraley had expressed an opinion before the trial that the accused was guilty of the crime charged. The examination of Fraley on his *voir dire* is not set forth in the record, but it appears from the affidavits filed to support the motion for a new trial that he stated on such examination that he had formed an opinion but he did not think he had expressed the same. He was not questioned in regard to this opinion. The accused therefore knew very well before the trial that this juror had an opinion in regard to the question of his guilt. It also appears that he probably considered that opinion favorable to himself, as he failed to challenge the juror either for cause or under his peremptory challenges, and that he failed to use all of his peremptory challenges. This being so, the juror was permitted to remain on the jury with his consent, and error cannot be predicated thereon. The evidence fails to show that the juror Stewart had formed or expressed an opinion. The objection as to the competency of the jurors, therefore, is not well taken.

*Second.* It is claimed that the newly discovered testimony of O. Larson will establish the fact that the prosecuting witness complained of being robbed about four o'clock in the afternoon instead of six as shown by the testimony of most of the witnesses. The exact time at which an offense was committed in many cases might be very material, and newly discovered proof of that kind might be sufficient for granting a new trial. But in this case, if we give it the most favorable construction, it merely tends to impeach the testimony of Morgan, the prosecuting witness, and Newer, the saloon keeper. A new trial will

not, as a rule, be granted for newly discovered evidence merely tending to impeach. Suppose that since the trial the plaintiff in error had discovered that Morgan and Newer were wholly unworthy of belief, and that he had discovered testimony to prove that their general reputation for truth and veracity was bad, would those facts alone justify a court in setting aside the verdict? We think not. Where the object is merely to discredit a witness on the opposite side a new trial will not, as a general rule, be granted. *Com. v. Drew*, 4 Mass., 399. *Com. v. Waite*, 5 Id., 261. *Com. v. Green*, 17 Id., 515. *Bland v. State*, 2 Carter (Ind.), 608. *Levining v. State*, 13 Ga., 513. *Polser v. State*, 6 Tex. Ap., 510. But it would be otherwise if the principal witness should testify that his statement on the trial was a mistake. *Mann v. State*, 44 Tex., 642.

The general rule as to newly discovered evidence may be stated thus: That if, with the newly discovered evidence before them, the jury should not have come to the same conclusion, a new trial will be granted. *Com. v. Flanagan*, 7 W. & S., 423. *Com. v. Manson*, 2 Ashm., 31. *Thompson v. Com.*, 8 Gratt., 637. *State v. Greenwood*, 1 Hayw., 14. *Carr v. State*, 14 Geo., 358. *Roach v. State*, 34 Id., 78. *Jones v. State*, 48 Id., 163. *Young v. State*, 56 Id., 403. *Meeks v. State*, 57 Id., 329. *Ramey v. State*, 53 Ind., 278. *Hauck v. State*, 1 Tex. Ap., 357. In our opinion the newly discovered evidence in this case is not sufficient to justify the court in granting a new trial.

*Third.* The third objection is that the verdict is not sustained by the evidence. Without reviewing the evidence at length, in our opinion it establishes the guilt of the prisoner. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.