THE STATE OF KANSAS v. E. S. DECKER.

1. MORTGAGED PROPERTY, *Removing Building from — Information.* In a prosecution under ¶ 3900, Gen. Stat. of 1889, making it unlawful to remove buildings from real property upon which there is an unsatisfied mortgage duly recorded, without first obtaining from the mortgagee, his agent or assign, written permission for such removal, it is necessary to allege in the indictment or information that the removal was made without permission from the mortgagee, his agent or assign; and an information lacking this averment is insufficient to sustain a conviction.

2. NEW TRIAL — *Sufficiency of Information.* Where what is termed a motion to set aside a verdict and to grant a new trial contains a ground distinctly challenging the sufficiency of the information, it will be treated as a motion in arrest of judgment, which requires a determination of the sufficiency of the averments contained in the information.

*Appeal from Stafford District Court.*

AT the May term, 1893, *E. S. Decker* was convicted of unlawfully removing buildings from mortgaged property. He appeals.     The opinion states the facts.

*Campbell & Taylor,* for appellant:

The information is not sufficient under ¶ 3900, Gen. Stat. of 1889.     Said paragraph provides for the punishment of an act of waste committed on the premises against which a valid and subsisting mortgage exists, unless the party removing any building, etc., shall have the written consent of the mortgagee, his agent or assign.     The information charges that the defendant, without obtaining the written consent of the mortgagee or his agent, removed, etc.     The contention of the defendant is, that the information should negative the obtaining written consent from the assign as well as that of the mortgagee; and, in not doing so, it fails to state an offense sufficient to put the defendant upon his defense, and is therefore bad.     *Hirn v. The State,* 1 Ohio St. 25;  Whar. Cr. Pl. & Pr., § 241.

13 — 52 KAS.

*John T. Little,* attorney general, and *O. C. Jennings,* county attorney, for The State:

We think that the defendant waived any defect in the information in not filing a motion to quash. *The State v. Ashe,* 44 Kas. 84. See, also, *The State v. Thompson,* 2 Kas. 432.

The opinion of the court was delivered by

JOHNSTON, J.: This is a prosecution for the unlawful removal of buildings from mortgaged real estate without permission. (Gen. Stat. of 1889, ¶ 3900.) There was a conviction, following which the defendant was adjudged to pay a fine of $100, and be imprisoned in the county jail for a period of 60 days.

The principal question presented upon the appeal arises upon the allegations of the information. It charges the removal of a barn from a certain lot in the city of St. John, Stafford county, upon which there was an unsatisfied mortgage of record, which is described; that the same remains unsatisfied; and then follows the averment "that said barn was removed from said lot 8 by the defendant, E. S. Decker, without first obtaining from the mortgagee or his agent written permission for the removal of said barn," etc. The information contained no allegation that permission for the removal had not been obtained from the assign of the mortgagee. This was an essential averment. Under the statute, the act of removal becomes criminal only when it is made without written permission "from the mortgagee, his agent or assign." In this case it appears from the foreclosure proceedings that the mortgage and note which it secures have actually been transferred by the mortgagee to another, and if Decker obtained permission to remove the barn from the person to whom they were transferred, no offense was committed. The want of permission being an essential element of the crime, it was necessary for the state to allege it. In charging the jury, the trial court states that the prosecution must prove the want of permission from the mortgagee, his agent or as-

sign, but it did not require it to be alleged, and we find no attempt to prove a want of permission from the person to whom the mortgage was transferred.

Counsel for the state contend that the question cannot be raised now, for the reason that the objection was not raised by a motion to quash or by a motion in arrest of judgment. No motion to quash was filed, but in the motion for a new trial the sufficiency of the information was distinctly challenged. One of the grounds for setting aside the verdict was, "that the information does not state facts sufficient to constitute an offense against the statute." This averment was sufficient to challenge the attention of the court, and to require our consideration of the sufficiency of the information. (*The State v. Jessup,* 42 Kas. 422.) Treating the motion then as one in arrest of judgment, we are compelled to hold that the information is insufficient to sustain the conviction, and hence the judgment will be reversed and the cause remanded for further proceedings.

All the Justices concurring.