EMMETT H. GILBERT V. STATE OF NEBRASKA.*

FILED MARCH 21, 1907. No. 14,737.

**Highways:** UNLAWFUL FENCING: INFORMATION. An information, based on section 108, ch. 78, Comp. St. 1905, making it unlawful to "build a barbed wire fence across or in any plain traveled road or track in common use," which omits to charge that the road or track was in "common use," will not support a conviction.

ERROR to the district court for Harlan county: ED L. ADAMS, JUDGE. *Reversed.*

*John Everson,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

ALBERT, C.

The plaintiff in error was prosecuted and convicted on an information charging that he "in said county unlawfully and wilfully did on or about the 21st day of December, 1905, build a barbed wire fence across and in a certain plain traveled road in Republican City township in said county, to wit, the road between sections 8 and 17 of said township, without first putting up sufficient guards to prevent man or beast from running into said fence, contrary," etc. The charge is based on section 108, ch. 78, Comp. St. 1905, which is as follows: "That from and after the passage of this act it shall be unlawful for any person to build a barbed wire fence across or in any plain traveled road or track in common use, either public or private, in this state, without first putting up sufficient guards to prevent either man or beast from running into said fence."

One contention of the plaintiff in error is that the information does not charge the offense denounced by the section quoted. It would seem that this contention must be sustained. In a prosecution for a statutory offense, the

*Rehearing denied. See opinion, p. 637, *post.*

information must charge and the evidence show every stat-
utory element of the crime. *Chandler v. State*, 141 Ind.
106; *Conyers v. State,* 50 Ga. 103, 15 Am. Rep. 686; *United
States v. Dickey*, 1 Morris (Ia.), *412; *State v. Decker*,
52 Kan. 193; *Kearney v. State*, 48 Md. 16; *Koster v.
People*, 8 Mich. 431. One statutory element of the offense
of which the defendant was convicted is that the road
obstructed was not only a plain traveled road, but also
that it was "in common use." It is obvious that a road
may be a plain traveled road, and even on a section line,
and, at the same time, not "in common use." In that case
its obstruction would not be an offense under the statute.
The legislature having made the common use of the road
an essential element of the offense, to sustain a con-
viction on an information which ignores that element
would be an unwarranted extension of the statute by the
court.

As the information is insufficient to support the con-
viction, it is recommended that the judgment of the dis-
trict court be reversed and the cause remanded.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is reversed and
the cause remanded.

REVERSED.

The following opinion on motion for rehearing was
filed May 24, 1907. *Rehearing denied:*

SEDGWICK, C. J.

The statute construed in this case provides that "it
shall be unlawful for any person to build a barbed wire
fence across or in any plain traveled road or track in
common use." Comp. St., ch. 78, sec. 108. This clause
is plainly susceptible of at least two distinct meanings,
and which of these meanings shall be given to the clause
depends upon the manner of reading it. Do the words

"in common use" limit the word "track" only, or do they limit the words "road or track"? By the intonation of the voice of the reader it may be made to mean one thing or another. In the brief upon the motion for rehearing it is contended that it should be construed as though it read "across or in any plain traveled road, or across or in any track ·in common use." In the meaning given the clause in our former opinion it is considered that the word "or," which occurs twice in the clause, in each instance relates only to the two words between which it stands, and if the clause is read with a short pause after the word traveled, and again after the word track, that is if the three words "road or track" are pronounced more rapidly than the other words of the clause, such an intonation in reading it would convey to the hearer the meaning given it in the opinion; so that the contention virtually is that the guilt or innocence of the accused would depend upon the emphasis or intonation used in reading the clause, and the correct emphasis or intonation is to be determined from the probable intention of the legislature. Of course, this is not a safe rule for the construction of criminal statutes. If the language used by the legislature is as readily capable of one construction as the other, it should not be so construed as to make that criminal which would otherwise be innocent. It is unlawful to build a barbed wire fence across either a "road or track" if that "road or track" is plain traveled and in common use, without putting up guards, etc.

The motion for rehearing is

OVERRULED.