STELLA DICKINSON ET AL., APPELLANTS, V. ELVIRA M. ALDRICH ET AL., APPELLEES.

FILED MAY 24, 1907. NOS. 14,636, 14,832.

1. **New Trial.** A new trial will not be granted upon the ground of newly discovered evidence, unless it is made to appear that such evidence, if it had been offered and admitted on the trial, would probably have produced a different result.

2. **Appeal: NEW TRIAL: RECORD.** A decision of a district court granting an application for a new trial on the ground of newly discovered evidence will not be reviewed by this court in the absence of a bill of exceptions containing both the evidence used on the trial and that alleged to have been newly discovered.

3. **New Trial: TRANSCRIPT: WAIVER.** Inability of a party, without his fault or negligence, to procure a transcript of oral testimony taken on a trial in time to prepare and settle a bill of exceptions within the period limited by statute is not a ground for a new trial when the adverse party offers to waive his advantage and permit the bill to be subsequently prepared and settled.

4. **Wills: PROBATE: TRIAL.** It is error for a court to submit questions

of law to a jury, as for instance, whether the facts and circumstances given in evidence upon the trial of a contestant of the probate of a will are sufficient to operate as a revocation of the instrument by implication of law.

APPEAL from the district court for Douglas county: WILLIS G. SEARS and ALEXANDER C. TROUP, JUDGES. *Judgment granting new trial affirmed: Judgment denying probate of will reversed.*

*W. A. Saunders, J. L. Kaley* and *L. D. Holmes,* for appellants.

*McGilton & Gaines, E. E. Thomas* and *Thomas J. Nolan, contra.*

AMES, C.

The plaintiffs began in the county court of Douglas county a proceeding for the probate of an alleged lost will of one Seth F. Winch, deceased. Probate was resisted by the defendants, who are heirs at law of the deceased, and was denied, and from the order of denial an appeal was taken to the district court, where, as the result of a trial, a like decision was reached, and the plaintiffs appealed to this court, such appeal being one of the matters now under consideration.

A purported copy of the alleged will accompanied the application for its probate, to which there were four distinct grounds of objection made by the contestants: First, it was denied that the alleged will was properly made, executed, acknowledged, attested or witnessed; second, it was averred that at the time of the alleged execution of the supposed will the deceased was, and that he continued to be until the time of his death, of insufficient mental capacity to make a will; and, third, that during all said time the deceased was and had been subject to the undue influence and control exerted over him by his wife, who is the principal beneficiary in the instrument offered for probate; and, fourth, that between

the date of the alleged execution of the instrument and the death of Winch his pecuniary affairs had undergone such a change as to render the disposition of the alleged will inapplicable to them, or at least such as to render its provisions inconsistent with his situation and necessarily presumable intent at the time of his death, and to amount to an implied revocation of it. In connection with the application for probate there was presented what purported to be a typewritten copy of the will, with the names attached thereto, as subscribing witnesses, of William F. Wappich and W. S. Shoemaker, both of whom were produced as witnesses at the trial. Wappich testified that he had witnessed a will corresponding with the copy, together with Shoemaker, on the day of its purported date, November 30, 1891, in the presence of Winch, in a certain building in Omaha, and that the instrument was typewritten. Shoemaker testified that he had witnessed such a will in the presence of Wappich and Winch in the summer or fall of 1891, in another building in Omaha, but that the instrument was in "longhand" or manuscript. He then and afterwards testified that he had no recollection of ever having witnessed a typewritten instrument. It was a theory and contention of the contestants upon the trial, which there was some evidence to support, that Winch had a habit of making wills as his fancy struck him, and that he had prepared or had caused to be prepared at least four such instruments. Counsel now say that this evidence and contention were offered for the purpose, not of showing that the instrument, a copy of which was in evidence, was not executed by the deceased, but as bearing solely upon his mental sanity and testamentary capacity, and that the court instructed the jury that the disagreement of the witnesses as to whether the instrument was in writing or manuscript is immaterial. We are unable to find such an instruction in the record, but the proposition is doubtless true, and would have been apprehended by the jury of their own minds, provided they were satisfied that the instrument

in suit was in fact executed and was the only one to which either witness had reference. Counsel for contestants therefore contend that the first formal issue raised by the pleading was not a real one, and that it is apparent upon the face of the whole record that the fact of execution, if not admitted, was established without substantial contradiction. The significance of this contention will appear presently. The jury returned a verdict generally for the defendants, and that the alleged will had not been established and should not be admitted to probate, and the court entered judgment accordingly. Some months afterwards an original instrument, of which the document used on the trial is an exact copy, was discovered, and the plaintiffs began a suit in equity and obtained a judgment for a new trial on the ground of newly discovered evidence. From this latter judgment the contestants appealed to this court, where the two proceedings have been consolidated to be disposed of by a single decision.

Counsel for contestants invoke the rule, well settled in this court and elsewhere, and no doubt correctly so, that a new trial will not be granted on the ground of newly discovered evidence unless it is shown that such evidence would probably have changed the result had it been offered and admitted on the trial. *Ogden v. State,* 13 Neb. 436; *Lillie v. State,* 72 Neb. 228. And in that connection they rely also upon the previous decisions of this court that, in order to render the application of that rule efficacious in this court, the record upon the proceedings for a new trial must contain not only all the evidence received therein, but also all that was taken on the former trial, so that this court may be enabled to pass upon the vital question of probability. *Western Gravel Co. v. Gauer,* 48 Neb. 246; *Williams v. Miles,* 73 Neb. 193.

They contend, therefore, first, that the original will could have had no practical force or effect upon the trial, in view of the fact that, as they insist, its execution was not substantially in dispute; and they contend, secondly,

because the evidence taken upon the former trial upon any of the three other issues was not presented upon the trial of the suit to obtain a new trial, and has not been preserved or presented to this court in the form of a bill of exceptions, although the record shows that the issues of mental incapacity, undue influence and implied revocation were all submitted by the court to the jury by appropriate instructions upon conflicting evidence in the former trial, that the presumption is therefore at least as forceful that the verdict was responsive to one or all of those issues as to that of nonexecution. We are unable to find a way not in conflict with the above cited decisions to escape from this latter situation. If the only issue tried had been that of execution, we should not hesitate to hold that the presence of the original instrument in formal and substantial compliance in all respects with the requirements of law would have been conclusive of its due execution in the face of such evidence as was presented upon that issue, but, on the other hand, we are very much inclined to think that in the absence of the original and in view of the discrepancies of the testimony of the witnesses, not only as to whether the will was typewritten or in manuscript, but as to the place of its execution, and without distinct agreement as to time, taken in connection with the evidence that the alleged testator had made at least four wills, would probably have been sufficient to induce the jury to reject the instrument before them. We may, perhaps, go a step farther and conjecture that this issue was principally or alone considered by the jury, because it was, or may have been, regarded by them as the simplest and as vexed with the fewest complications, and therefore to be the most easily disposed of. But how can we say in what manner it is probable that the jury would have decided any or all the other issues in the case if this one had been set at rest by the presence of the original will? For aught that we know, the evidence of mental incapacity was as overwhelming and conclusive as would have been that of the formal execution of the instrument

had the original been present, and, if it was so, we, of course, cannot say that such presence would not have probably changed the result. The same may also be said of the other issues of undue influence and implied revocation, and, if the entire record was before us and disclosed sufficient evidence to support the verdict, the court could not reverse the judgment because of a mere conjecture that the jury had been misled or had committed a mistake upon one issue only.

After the issues had been joined in the action to obtain a new trial, the plaintiffs by leave of the court filed a supplemental petition, in which they averred, as an additional ground for the relief prayed, that, owing to the delinquency of the official stenographer of the court, they had without their own fault or negligence been unable to procure a transcript in longhand, to be incorporated in a bill of exceptions, of the oral testimony adduced on the trial of the contest in that court, and that it was then physically impossible so to do until after the time fixed by the statute for the preparation and settlement of a bill of exceptions would have expired. But the defendants offered in open court to waive the time of such preparation and settlement, and to treat a bill afterwards perfected as one having been made within the statutory period. There is some criticism upon the phraseology of the offer, but it appears to have been made in good faith and to have been intended to be complete and comprehensive, and this court would without doubt have construed it liberally for the purpose of effectuating its evident object and protecting the plaintiffs from any undue advantage by reason of their acceptance of it. We think it unnecessary to set the offer forth at large in this opinion, and that it suffices to say that in our judgment it was sufficient to defeat the plaintiffs of their claim for a new trial for the cause set forth in their supplemental petition.

In the trial of the suit contesting the will the court of its own motion gave the following instruction, which was

excepted to by the proponents, and which is assigned here for error: "As previously stated to you, it is the law of this state that a will may be revoked by implication of law from subsequent changes in the condition or circumstances of testator. Therefore you are instructed that subsequent to the execution of the will (in case you may find it to have been legally executed) it may have been revoked by implication of law by reason of changes in the condition or circumstances of the one who executed the same. Such changes, however, must have been with reference to the condition of the testator or his circumstances, and have been so material that, by reason of their existence as a matter of good faith toward the testator and toward his intent, and such good faith toward the several objects of his bounty, the courts, in viewing the estate and the several bequests in the light of those changed conditions and circumstances, will say in fairness to all concerned that the terms of the will either cannot or should not be enforced. You are instructed in this connection that a change of mental condition alone from soundness of mind at the time of a will's execution to unsoundness of mind at a later period would not work to revoke a will; neither would the disposal by the testator of specific items of property bequeathed in such will. But you must view the condition and circumstances of the testator as a whole, and conclude whether, from all the evidence in the case bearing upon such points, such will was or was not revoked by reason of such changes. The condition and circumstances of the testator have been given to you in evidence from the time of the execution of the will (in case you find that the same was legally executed on or about the 30th day of November, 1891), until his death in 1899. Should you find that said will has been revoked by implication of law as herein stated to you, you will find against the admission of said will to probate. (Given.)"

It is objected to this instruction, and we think justly so, that it submits to the jury, not questions of fact which were within their province, but an important and vital question

Dickinson v. Aldrich.

of law with which the court alone was competent, and with which it was his duty exclusively, to deal. The instruction, in effect, says to the jury that they should take into consideration all the facts and circumstances given in evidence on the issue of revocation, and, if in their opinion they were sufficient as a matter of law to accomplish that result, they should find against the admission of the instrument to probate. It seems quite clear to us that such instruction is erroneous. The court should, instead, have told the jury what facts were alleged and proved, or attempted so to be, or in dispute upon the issue of revocation, and which or how many of them were relevant to that issue, and, if established by the evidence, would suffice as a matter of law, to work a revocation of the will, provided that they should find that the instrument in suit was duly executed by the deceased not unduly influenced, and with sufficient mental capacity.

We therefore recommend that the judgment of the district court in the action to obtain a new trial on the ground of newly discovered evidence be affirmed, but that the judgment excluding the alleged will from probate be reversed and a new trial granted.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court in the action to obtain a new trial on the ground of newly discovered evidence is affirmed, and the judgment excluding the alleged will from probate is reversed and remanded.

JUDGMENT ACCORDINGLY.