Morrill County, appellant, v. Clarence G. Bliss
et al., appellees.

Filed November 24, 1933.   No. 28764.

R. O. Canaday, William Ritchie, Jr., C. G. Perry and H. Arey, for appellant.

Montgomery, Hall & Young, Kennedy, Holland & De Lacy, Perry, Van Pelt & Marti, Butler & James, Neighbors & Coulter, C. M. Skiles, I. D. Beynon, Sloans, Keenan & Corbitt and Gaines, McGilton & Gaines, contra.

Heard before Good and Eberly, JJ., and Messmore, Raper and Yeager, District Judges.

Eberly, J.

This is an appeal from a judgment of the district court for Morrill county entered on February 16, 1933, in terms denying plaintiff's petition for a new trial.   Reference is hereby made to the case of Morrill County v. Bliss, ante, p. 97, for issues, facts, and history of the proceeding of which this forms a part.

Plaintiff's petition for a new trial was filed under the provisions of section 20-1145, Comp. St. 1929.   The sole basis of the proceeding was newly discovered evidence.   The final order sought to be affected by the instant proceeding

was a judgment entered in this cause on February 9, 1932, by the terms of which the district court for Morrill county found "generally against the plaintiff and in favor of the defendants and each and all of them; * * * that the defendants, who were members, officers, or special agents of the guaranty fund commission, performed their duties in connection with the Bridgeport Bank, Bridgeport, Nebraska, in a legal manner, in the utmost good faith, and to the best of their ability; * * * that the evidence wholly fails to establish any irregular or illegal transactions on the part of any of the other defendants, who were not members, officers, or special agents of the guaranty fund commission, or their bondsmen, but that all transactions complained of in plaintiff's petition were regular and legal in all respects," and thereupon "plaintiff's petition, and each and every cause of action therein contained, was dismissed."

Thereupon plaintiff prosecuted an appeal to this court from the above named "final order" of February 9, 1932. Upon the hearing thereof in this court a judgment of affirmance was entered therein. *Morrill County v. Bliss, ante,* p. 97. It will be noted in passing that the following language was employed in the opinion of this court above referred to, in discussing the contentions of plaintiff presented in argument in that case, that acts of the defendants complained of were in contravention of the terms of the Nebraska statute:

"The bank was not operated in violation of law. It was open for business and all the money withdrawn and transactions of the bank were in the usual and ordinary course of banking business. * * * The trial court filed an able opinion in this case, to which we are indebted for a careful and helpful analysis of the case. After careful and painstaking consideration, we reach the same conclusion. It is, therefore, ordered that the appeal be dismissed."

The newly discovered evidence alleged in plaintiff's petition as ground for a new trial is the alleged advice of the general counsel of the guaranty fund commission charged

to have been given in 1925-1927 during the continuance of business of the Bridgeport bank "as a going concern," to the effect: "That it was illegal to accept deposits while said bank (of Bridgeport) was being held by the said guaranty fund commission and before it had been turned over to a receiver, and that at said time it was illegal to sell and dispose of the property of the bank except by way of a necessary compromise, and also that it was illegal to liquidate the bank while it was being held by the guaranty fund commission."

In consideration of the record here presented, it will be remembered that applications for new trials on the ground of newly discovered evidence are not favored by the courts. *Wiegand v. Lincoln Traction Co.,* 123 Neb. 766; *Smith v. Goodman,* 100 Neb. 284; *Fitzgerald v. Brandt,* 36 Neb. 683.

"A new trial will not be granted upon the ground of newly discovered evidence, unless it is made to appear that such evidence, if it had been offered and admitted on the trial, would probably have produced a different result." *Dickinson v. Aldrich,* 79 Neb. 198. See; also, *Williams v. Miles,* 73 Neb. 193; *Smith v. Goodman,* 100 Neb. 284; *Ogden v. State,* 13 Neb. 436; *Simonsen v. Thorin,* 120 Neb. 684; *Wiegand v. Lincoln Traction Co.,* 123 Neb. 766.

The application for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and its action thereon will not be overruled unless a clear abuse of discretion is shown. *Christensen v. Omaha & C. B. Street R. Co.,* 85 Neb. 694; *Peterson v. Kouty,* 103 Neb. 321; *Allender v. Chicago & N. W. R. Co.,* 119 Neb. 559; *Blaha v. Chicago & N. W. R. Co.,* 119 Neb. 611.

It is obvious in the instant case that the trial court by its judgment of February 9, 1932, determined and adjudicated, with the detailed evidence of the various challenged transactions before it, that the acts performed therein by the defendants were each legal and in conformity with the provisions of the Nebraska statute. From its inher-

ent nature this decision was not in any manner based on the legal effect of the advice of counsel received, relied on or in any manner acted upon by the defendants. It involved solely the construction of the Nebraska statute as applied to the facts disclosed by the testimony before it. On this as one of the bases of its judgment, it sustained the defenses tendered by the defendants.

On appeal this court in a hearing *de novo* affirmed the judgment of the trial court, reaching the same conclusion. This determination thus made became "the law of the case" so far as the present proceeding is concerned, and is binding on all parties in this action. 2 Freeman, Judgments (5th ed.) sec. 630; *Chicago, B. & Q. R. Co. v. Cass County*, 72 Neb. 489.

It is obvious that, conceding the existence of the "newly discovered evidence" to be as alleged by plaintiff, and giving it the force and effect its inherent nature would entitle it to receive, in view of the controlling "law of the case," the determination appealed from is correct. For the purpose of this case and as between the parties thereto, in this proceeding the defendants are conclusively deemed to have complied with all the requirements of the Nebraska statutes relative to the guaranty fund commission and to have in no manner violated the same. However, the examination of the testimony of the general counsel of the guaranty fund commission, as contained in his last deposition which was received in evidence, is to the effect that the advice alleged to have been given to the members of the guaranty fund commission was never imparted by him. There thus being substantially a failure of proof to sustain the necessary allegations of plaintiff's petition, of course on this ground alone the proceeding must fail.

A careful reading of all the evidence, in connection with the due consideration of the "law of the case," leads inescapably to the conclusion that if the so-called newly discovered evidence as established by the proof in the record had been presented at the former trial it would not have changed the result. At least we are unable to state, in

the light of the entire record, that the action of the trial court in denying the petition for a new trial was aught than a legitimate exercise of judicial discretion.

It follows that the judgment of the district court is right, and it is

AFFIRMED.