STATE OF NEBRASKA, APPELLEE, V. ROBERT E. LAURITSEN, APPELLANT.

132 N. W. 2d 379

Filed January 22, 1965. No. 35804.

Adolph Q. Wolf, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. FLORY and ROBERT L. SMITH, District Judges.

SMITH, J.

Robert E. Lauritsen was convicted of selling an alkaloid of ergot for the purpose of procuring a miscarriage of a pregnant woman.

Our decision hinges on the meaning of section 28-423, R. R. S. 1943, which defines this misdemeanor. The precise point is whether the drug must be secret, for the evidence compels the tacit admission by the State that Lauritsen did not sell a secret drug.

The statute generally prohibits: (1) Advertisement or distribution of "any secret drug or nostrum, purporting to be exclusively for the use of females"; (2) publication concerning "any drug, medicine, * * * or apparatus for the purpose of * * * procuring * * * miscarriage"; (3) circulation of "any obscene notice"; or (4) keeping "for

sale or gratuitous distribution any secret nostrum, drug or medicine for the purpose of * * * procuring * * * miscarriage."

We conclude that the attributive quality of the adjective "secret" in the last part of the statute extends to the substantives "drug" and "medicine." This construction fits ordinary meaning. Identical language has been said to require pleading and proof of a "secret drug, nostrum, or medicine; that is, the ingredients of it not being made known to the public." Warren, Ohio Criminal Law, p. 314.

In Gilbert v. State (in denying rehearing), 78 Neb. 637, 112 N. W. 293, the court considered a statute containing the words "any plain traveled road or track." It was said:

"It is unlawful to build a * * * fence across either a 'road or track' if that 'road or track' is plain traveled * * *."

Even if the language is equally susceptible of interpretation by deleting "secret" or by limiting its attributive quality to "nostrum," the result must be the same. In such cases that construction which is more favorable to the accused will ordinarily be adopted. See Gilbert v. State, *supra*. We find no room for an exception here.

The judgment is reversed and the cause is remanded to the district court with directions to dismiss the information.

REVERSED AND REMANDED WITH DIRECTIONS.

Note: Since this case was submitted, Robert L. Smith, District Judge, has become a Judge of this court.