DAVID E. NICHOLSON, JR., APPELLEE, V. CITY OF BELLEVUE, APPELLANT, COMMISSIONER OF LABOR, APPELLEE.

339 N.W.2d 758

Filed November 4, 1983. No. 83-169.

John E. Rice, for appellant.

David E. Nicholson, Jr., pro se.

Paul D. Kratz, for appellee Commissioner of Labor.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from an order of the District Court involving a claim for unemployment benefits under the provisions of Neb. Rev. Stat. §§ 48-601 et seq. (Reissue 1978). The order remanded the case to the Nebraska Appeal Tribunal, with directions to conduct a hearing on the merits of petitioner's appeal of the denial of his claim for unemployment compensation by a Department of Labor claims deputy.

The petitioner, David E. Nicholson, Jr., was separated from his employment with the respondent City of Bellevue on February 12, 1981. He filed a claim for unemployment compensation under the Employment Security Law cited above. Following a review of the records, his claim was denied by the deputy because of gross misconduct. A copy of the "Notice

of Deputy's Determination" was mailed to Nicholson on April 15, 1981. That notice also contained a provision entitled "APPEAL RIGHTS" which advised that the recipient had 20 days from the date of mailing in which to appeal the decision.

It was not until July 29, 1982, that Nicholson filed his appeal and request for hearing with the Nebraska Department of Labor, Division of Employment. Attached to that appeal was a statement signed by the petitioner as follows: "I am late in filing my appeal because: 1.) The FBI just recently completed their investigation regarding the incidents leading to my termination. Until this investigation was completed I felt I had no concrete evidence to present at a hearing in my behalf to the Tribunal for contradiction of gross misconduct. 2.) I have been waiting for the pending results from the complaint filed with the HUD Regional office of Fair Housing & Employment in Kansas City. Complaint filed 09-05-80."

An order was entered on July 30, 1982, by the chief administrative law judge of the Nebraska Appeal Tribunal, which provided in part as follows: "The claimant's appeal was not taken within the statutorily prescribed period. Good cause for said late filing has not been shown. As the appeal is untimely, the Tribunal has no jurisdiction to entertain it.

"The exhibits before the Tribunal revealing no patent defect in the Deputy's determination, it is ordered, therefore, that said appeal be and the same is hereby dismissed."

The petitioner filed a petition for judicial review in the District Court of Douglas County on August 30, 1982, alleging primarily "[n]ewly discovered evidence, material for the petitioner, which could not, with reasonable diligence, have been discovered, and produced at a hearing or trial." A hearing was had on that petition, at which time, without objection, the testimony of David Nicholson was offered,

together with a certified transcript of all documents appearing in the files of the Division of Employment of the Department of Labor relating to this matter.

Also received was a memorandum of the Federal Bureau of Investigation dated February 17, 1981, relating to an inquiry by Nicholson as to whether an investigation of him as to irregularities in his job performance for the City of Bellevue was in progress, and a copy of a letter from the FBI to the acting U.S. attorney in Omaha dated June 24, 1981, indicating that no violation by Nicholson had occurred within the jurisdiction of the FBI. Nicholson's testimony generally indicated that he knew he had but 20 days to appeal; that he immediately proceeded to attempt to get information to refute the charge of gross misconduct; and that he went to the FBI, received the documents set forth above, and filed his appeal in July of 1982.

On the basis of that record the District Court entered an order finding that the evidence offered before it was not considered by the chief administrative law judge; that such evidence constituted "good cause for jurisdiction by the Tribunal over this appeal, per Neb. Rev. Stat. § 48-634 (1982 Cum. Supp.)"; and ordered the matter "remanded to the Nebraska Appeal Tribunal for a hearing on the Petitioner's appeal of the deputy's determination of April 15, 1981."

Neb. Rev. Stat. § 48-634 (Cum. Supp. 1982) provides in part: "The claimant . . . may file an appeal from such determination [made by a claims deputy] with an appeal tribunal. Notice of appeal must be in writing and must be delivered and received within twenty days after the date of mailing of the notice of determination . . . . For good cause shown, the tribunal may also take jurisdiction over appeals filed outside the prescribed appeal period."

Section 48-631, cited by the petitioner, does not, as urged by him, support the proposition that when good cause is shown, the Nebraska Appeal Tribunal

must have a hearing on a denial of unemployment compensation within 2 years. That section merely permits the deputy to reconsider a determination when he finds an error in computation or identity, or that wages pertinent but not considered have been newly discovered, or that benefits have been allowed or denied or the amounts fixed on the basis of misrepresentations of fact, "but no such redetermination shall be made after two years from the date of the original determination."

Decisions of an appeal tribunal may be appealed within 30 days to the District Court, which shall consider the matter de novo on the record, except that the court on its own motion may order additional evidence to be taken before it. Neb. Rev. Stat. §§ 48-638 (Cum. Supp. 1982) and 48-639 (Reissue 1978).

An appeal to this court is heard de novo on the record. *Erspamer Advertising Co. v. Dept. of Labor*, 214 Neb. 68, 333 N.W.2d 646 (1983). We are required in this instance to search the record and determine whether the failure of the appeal tribunal to find good cause to take jurisdiction over an appeal filed 15 months after the statutory limitation was an abuse of discretion.

Generally, the right of appeal is statutory, and the time requirements set forth in the statute are mandatory and must be complied with before the appellate tribunal acquires jurisdiction of the subject matter. *Lydick v. Johns*, 185 Neb. 717, 178 N.W.2d 581 (1970). Without the "good cause" provision, the administrative appeal was clearly out of time and the appeal tribunal would have acquired no jurisdiction.

Section 48-634 does not define "good cause." It is Nicholson's contention that good cause existed because he suffered from unavoidable misfortune in not being able to secure his evidence on time and that he now has newly discovered evidence. These are some of the grounds for the granting of a motion for a new trial filed in the District Court out of time.

See Neb. Rev. Stat. §§ 25-1145 and 25-2001 (Reissue 1979). However, a new trial will not be granted for newly discovered evidence unless it appears that if offered and admitted in the former proceeding it would probably have produced a different result. *Morrill County v. Bliss*, 125 Neb. 573, 251 N.W. 106 (1933).

In other words, unless the newly discovered evidence, when considered together with that available to the claims deputy at the original hearing, makes out a valid claim or defense, as the case may be, the appeal tribunal should not take jurisdiction over an appeal filed beyond the 20-day limitation contained in § 48-634. See *Western Assurance Co. of Toronto v. Klein*, 48 Neb. 904, 67 N.W. 873 (1896).

There was evidence before the claims deputy that Nicholson had released bids submitted by building contractors to other contractors before the letting of contracts, thus allowing an unfair advantage to some contractors. The "newly discovered" evidence offered by the petitioner at the hearing in the District Court merely disclosed that he had violated no laws within the jurisdiction of the FBI. We do not believe that such evidence would have produced a different result in the original hearing.

Furthermore, the record discloses that Nicholson was aware of the 20-day filing rule, yet made no effort to perfect his appeal pending further investigation, and there was no apparent effort by him to inquire of the FBI until 10 months after receiving his notice of claim determination. He has not demonstrated unavoidable misfortune preventing him from filing a timely appeal. See *Nebraska State Bank v. Dudley*, 203 Neb. 226, 278 N.W.2d 334 (1979).

The judgment of the District Court is reversed and the cause is remanded with directions to dismiss the petitioner's appeal.

REVERSED AND REMANDED WITH DIRECTIONS.