WILLIAM J. WOOD, APPELLANT, V. VILLAGE OF CULBERTSON, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

368 N.W.2d 468

Filed May 31, 1985. No. 84-345.

William J. Wood, pro se, and, on brief, G. Peter Burger of Burger, Bennett & Green, P.C., for appellant.

Philip P. Lyons of Colfer, Lyons, Wood, Malcom & Goodwin, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

WHITE, J.

A demurrer to appellant's petition was sustained by the district court. Appellant announced in open court that he stood on the petition, whereupon the court dismissed the petition. This appeal follows.

The petition, filed July 6, 1983, requests relief from the levy of a special assessment for a sanitary sewer extension district, Neb. Rev. Stat. §§ 19-2401 et seq. (Reissue 1983), which action was taken by the board of trustees of the Village of Culbertson on June 7, 1983. The grounds alleged to justify that relief are immaterial to a disposition of this appeal. The petition recites that a copy of the proceedings is attached to the exhibit and incorporated by reference.

In its demurrer appellee village stated as its grounds that the notice of appeal "was filed too late and this Court has no jurisdiction over the subject matter of this action." Section 19-2423 provides that a notice of appeal shall be filed with the village clerk within 10 days from the date of the levy of a special assessment. We have uniformly held that the right of appeal is statutory, and the time requirements set forth in the statute are mandatory in order for the reviewing court to acquire jurisdiction. *Nicholson v. City of Bellevue*, 215 Neb. 540, 339 N.W.2d 758 (1983). Objection to jurisdiction of the court over the subject matter may be raised by demurrer. *Knapp v. City of Omaha*, 175 Neb. 576, 122 N.W.2d 513 (1963).

We note that while a photocopy of what is obviously published minutes of the village board proceedings is present, no transcript of the proceedings certified by the village clerk is in the record. A certified transcript of the board proceedings is required to be filed with a petition within 30 days from the date of the levy of the special assessment. § 19-2425. The trial court

did not rule on the effect of this failure to include a certified transcript, nor do we.

Finally, we note that the petition does not disclose when, or even if, a notice of appeal was filed with the village clerk. However, a copy of the notice of appeal filed in the district court on July 6, 1983, the same date as the petition, is dated June 21, 1983, 2 weeks from the date of the levy.

The trial court determined that the proceedings were incorporated in the petition, that the notice of appeal was properly part of that petition, and that the failure to file the notice within 10 days was a jurisdictional defect. We agree.

AFFIRMED.